UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LACK,<br>　　　　Petitioner<br>　　v.<br>C. KOENIG,<br>　　　　Respondent. | Case No. CV 18-2060-RGK (GJS)<br><br>ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR LACK OF EXHAUSTION AND/OR COGNIZABILITY |

On March 13, 2018, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District Court (Dkt. 1, "Petition"). The Petition stems from Petitioner's 2014 conviction and sentencing in Santa Barbara County Superior Court Case No. 1335893 (the "State Conviction"). (Petition at 2.) Petitioner alleges that he appealed the State Conviction and that he did not prevail on appeal. (*Id.* at 2-3.) The Court's review of the state court dockets confirms this allegation.[1]

The instant Petition does not challenge the State Conviction itself. Rather, Petitioner contends that he is entitled to be released on parole but that he wrongly remains in custody. Petitioner alleges that, as a nonviolent offender, he is entitled to

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the dockets available electronically for the California Court of Appeal and the California Supreme Court. The Court also take judicial notice of the dockets and files for Petitioner's prior cases filed in this District.

early release pursuant to the November 2016 passage by California voters of Proposition 57[2] and/or because of a population reduction order issued by a Three-Judge Court in certain long-running federal civil rights litigation commonly known as the *Coleman* and *Plata* cases.[3] He complains that he was found suitable for release on parole but that the Board of Parole Hearings (BPH) subsequently vacated that decision.[4] Petitioner also complains that he has not been receiving 2-for-1 credits under the *Coleman/Plata* Order, because he has another criminal case pending (Santa Barbara County Superior Court Case No. 1446497) that has not been brought to trial, which he contends constitutes a violation of his right to a speedy trial in that case.

As Petitioner notes, he brought two earlier Section 2254 habeas actions in this District – Case Nos. 2:17-cv-00026-BRO (AJW) and 2:17-cv-04913-BRO (AJW) – related to the pending No. 1446497 criminal case. The first challenged the failure to bring him to trial and was dismissed without prejudice based upon *Younger* abstention principles. The second complained that, because Petitioner was out to court in Santa Barbara in connection with the No. 1446497 case, rather than in

---

[2] In relevant part, Proposition 57 provides that California prisoners convicted of non-violent felony offenses are to be considered eligible for parole consideration after completing the full term for their primary offense. Cal. Const., art. I, § 32(a).

[3] The *Coleman/Plata* cases are two long-running, consolidated prisoner civil rights class actions pending in the Eastern and Northern Districts of California. On February 10, 2014, the Three-Judge Panel issued an Order in these consolidated cases that, *inter alia*, directed the CDCR to "[i]ncrease credits prospectively for non-violent second-strike offenders and minimum custody inmates" and provided that "[m]inimum custody inmates will be eligible to earn 2-for-1 good time credits…." (*See Coleman* Docket No. 5060 at ¶ 4(a), Case No. 2:90-cv-00520-KJM-DB; *Plata* Docket No. 2766 at ¶ 4(a), Case No. 3:01-cv-01351-JST.)

[4] The exhibits to the Petition show: a September 28, 2017 BPH decision approving a recommendation that Petitioner be released on parole; a November 6, 2017 BPH decision that vacated the September 16, 2017 decision and found Petitioner unsuitable for release on parole; and a February 26, 2018 decision denying Petitioner's request for reconsideration and affirming the November 6, 2017 decision.

custody at his state prison, he was being prevented from receiving consideration for early parole release under Proposition 57 in connection with the State Conviction as well as from receiving cancer treatment, and it too was dismissed without prejudice.

As relief in this action, Petitioner seeks an Order directing the BPH to release him on parole under Proposition 57 or to instruct the CDCR to properly apply to him the 2-for-1 credits mandated by the *Coleman/Plata* Order so as to render him eligible for early parole release. Petitioner also asks the Court to dismiss the criminal charges filed in pending criminal case No. 1446497.

## THE PETITION IS UNEXHAUSTED

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to the issue(s) presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (emphasis added); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief). To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).

Petitioner raised some of his present claims in a habeas petition, signed on February 19, 2018, addressed to the Monterey County Superior Court. That trial

3

court petition is alleged to be pending. (Petition at 8.) The Petition alleges that none of the present claims have been raised in the California Supreme Court, whether on direct appeal or habeas review. (Petition at 5-6.) The Court's review of the California Supreme Court dockets shows that Petitioner's last filing in the state high court was an August 2016 habeas case (No. S2366517), which predates the events that underlie the instant habeas claims and, thus, could not possibly have exhausted them. As Petitioner has not yet presented his current claims to the California Supreme Court and received a decision on them from that court, the Petition's claims are unexhausted.

When a habeas petition is fully unexhausted, as is the case here, the petitioner has two options. He can voluntarily dismiss his petition without prejudice, so that he may pursue exhaustion in the state courts and then return to federal court once his claims are exhausted. Alternatively, he may ask the Court to stay his case while he pursues exhaustion in the state courts, pursuant to the *Rhines* stay procedure. *See Rhines v. Weber*, 544 U.S. 269 (2005) (authorizing stays of "mixed" petitions); and *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) (finding the *Rhines* stay procedure applicable to fully unexhausted petitions). To obtain a *Rhines* stay, a petitioner must show: (1) "good cause" for the failure to exhaust the claims at issue; (2) that the unexhausted claims are "potentially meritorious"; and (3) and that the petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 277-78. The Supreme Court has cautioned that a *Rhines* stay should be afforded "only in limited circumstances." *Id.* at 277.

As set forth below, the Court has directed Petitioner to file a Response to this Order to Show Cause. In his Response, Petitioner shall state: whether he believes the Petition is exhausted and, if so, explain why; or whether he concedes that the Petition is unexhausted and, if so, indicate clearly which of the above two options he wishes to exercise. If Petitioner wishes to exercise his option to voluntarily dismiss this case due to the unexhausted nature of the Petition, he of course may do so at any

time between now and the due date for his Response.

## THE PETITION IS NOT COGNIZABLE

Even if the claims alleged in the Petition were exhausted, summary dismissal would be required, because the claims are not cognizable.[5]

At its heart, this habeas petition rests on a complaint that Petitioner has not been released on parole from the State Conviction. Petitioner complains that someone at the BPH initially found he was entitled to receive early release, a second BPH officials vacated that decision after finding him unsuitable for early release, and the BPH affirmed the second decision. He contends that is eligible for early parole release – whether under Proposition 57 or the *Coleman/Plata* Order – and that he should have received it.

In *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (*per curiam*), the Supreme Court rejected the contention that there is a federal constitutional right to be paroled. The Supreme Court concluded that while a state, such as California, may create "a liberty interest in parole," the existence of such a state liberty interest does not give rise to a federal right to be paroled. *Id.* at 861-62 ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."). Rather, the federal due process protection for such a state-created liberty interest is "minimal" and limited to whether "the minimum procedures adequate for due-process protection of that interest" have been met, namely, whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. *Id.* at 862-63; *Miller v. Oregon Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke*

---

[5] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

5

that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural question is "the beginning and the end of" a federal habeas court's inquiry when a state prisoner is denied parole. *Cooke*, 131 S. Ct. at 862.

The exhibits to the Petition show that on June 28, 2017, Petitioner was found to be eligible for the Proposition 57 Nonviolent Parole Review Process, and that he was provided with notice that he was referred to the BPH for parole review and possible release. As noted earlier, on September 18, 2017, the BPH initially approved release. On November 6, 2017, however, the BPH reviewed that decision and found that it was based on substantial errors of fact and had misapplied the review criteria, in particular, by failing to take account of all of Petitioner's "current crimes" and to properly apply the aggravating factors. Petitioner filed a request for decision review, which initially was found to be untimely, but the BPH decided to overlook such untimeliness and conduct a decision review. On February 26, 2018, the BPH affirmed the November 6, 2017 decision in a written decision that explained its reasoning, including explaining why Proposition 57 did not entitle Petitioner to release.

Under these circumstances, there is no basis for finding a federal constitutional violation based upon the failure to release Petitioner on parole. The Petition, in fact, does not actually allege a federal constitutional error. Proposition 57 only guaranteed that subject prisoners were to be "eligible" for early "parole consideration"; it did not entitle them to be paroled. *See* Cal. Const., art. I, § 32 (embodying Proposition 57). Any determination as to Petitioner's right to receive parole must be made by the appropriate agency, *i.e.*, the BPH, and Petitioner received such a determination, including reconsideration at his request. The Supreme Court's decision in *Cooke* makes plain that Petitioner's complaint about the BPH's failure to grant him early release is a state law matter, not one of federal

6

constitutional magnitude. Indeed, this situation is why the exhaustion requirement matters, as Petitioner has failed to afford the state courts the opportunity to correct an asserted state law error.

To the extent that the Petition also seeks relief in connection with the separate pending criminal case No. 1446497 on the theory that Petitioner's right to a speedy trial has been violated in that case, Petitioner already has raised that very same claim in this District in Case No. 2:17-cv-00026-BRO (AJW). The District Court rejected it on *Younger* abstention grounds and Petitioner's appeal to the Ninth Circuit failed, both initially and on Petitioner's request for reconsideration (*see* Dkt. Nos. 9-11 in Case No. 2:17-cv-00026). That decision, therefore, is final. By re-raising the claim now in a Section 2254 petition stemming from the separate State Conviction, and seeking to have that pending state criminal case dismissed, Petitioner impermissibly is attempting to obtain a second bite of the apple from a different set of federal judges.

\* \* \* \* \*

District Courts are permitted to raise exhaustion problems *sua sponte*. *Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). In addition, Rule 4 requires the District Court to dismiss the Petition if the claims raised are not cognizable. Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the grounds of unexhaustion and/or that the claims alleged are not cognizable. By no later than **April 18, 2018**, Petitioner shall file a Response to this Order To Show Cause addressing both issues as follows:

1. Petitioner shall state clearly whether he concedes that the Petition is unexhausted. If Petitioner contends that the Petition is exhausted, he must explain why. If Petition concedes that the Petition is unexhausted, he shall specify which of the foregoing two options he elects. If Petitioner seeks a *Rhines* stay, he must explain how and why the above-described *Rhines*

standard is satisfied.

2. If Petitioner contends that his claims are cognizable, he must show why they appropriately may be considered under Section 2254.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed on the grounds set forth herein.**

**IT IS SO ORDERED.**

DATED: March 14, 2018.  _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE